**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| BRIDGETT R. DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.** |
| FORT WORTH INDEPENDENT | § | **4:21-cv-01193-P-BP** |
| SCHOOL DISTRICT, KENT SCRIBNER, | § | |
| SHERRY BREED, MIA HALL, AND | § | |
| NYDIA LEWIS, | § | |
|     Defendants. | | |

### FIRST AMENDED COMPLAINT

Plaintiff, BRIDGETT R. DAVIS, by and through the undersigned attorney, files this her First Amended Complaint against Defendants, Fort Worth Independent School District, Sherry Breed, Mia Hall, and Nydia Lewis, and alleges as follows:

### PARTIES

1. Plaintiff Bridgett R. Davis, ("Davis" of "Plaintiff"), is an individual who resides in Tarrant County, Texas. At all times relevant to the matters set forth herein, Davis was an employee of Defendant Fort Worth Independent School District and a citizen of the United States.

2. Defendant Fort Worth Independent School District ("FWISD") is an independent school district authorized by and constituting a political subdivision or agency of the State of Texas. FWISD is a public corporation authorized by the Constitution and laws of the State of Texas and operates public schools in Fort Worth, Texas. FWISD has already voluntarily appeared in this lawsuit.

3. Defendant Sherry Breed ("Breed") is the associate superintendent of FWISD and has already appeared in this lawsuit. Even after being informed about Plaintiff's disability, Ms. Breed personally insisted on assigning Plaintiff to work in a building without providing reasonable accommodation for her disability or engaging in the interactive process.

4. Defendant Mia Hall ("Hall") is currently an executive director at FWISD. Even after being informed about Plaintiff's disability, Ms. Breed personally

First Amended Complaint - Page 1 of 11

insisted on assigning Plaintiff to work in a building without providing reasonable accommodation for her disability or engaging in the interactive process.

5. Defendant Nydia Lewis ("Lewis") directory of adult education. Even after being informed about Plaintiff's disability, Ms. Breed personally insisted on assigning Plaintiff to work in a building without providing reasonable accommodation for her disability or engaging in the interactive process.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court was invoked by Defendants pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2).

## CONDITIONS PRECEDENT

8. All conditions precedent to Plaintiff's claims for relief, including the exhaustion of administrative remedies, have been performed or have occurred.

## FACTS

9. At all relevant times, Defendant FWISD had over 11,000 employees.

10. In 1999, Davis started working for FWISD as a physical education teacher. Unfortunately, in 2001, while on the job, Davis had an accidental fall, which caused severe injuries to her knees, neck, back, and shoulder. In the years following the fall, Davis underwent at least 7 surgeries on her left knee. Even after undergoing the surgeries, including a tibial tuberosity transfer, Davis has not recovered the full use of her legs and now has difficulty walking and standing, particularly on uneven concrete surfaces.  In addition, Davis suffers from claustrophobia and has difficulty breathing and thinking while in small rooms. As such, Davis has a physical or mental impairment that substantially limits one or more major life activities, such as walking, breathing, and thinking. Davis's employment with FWISD ended a few years after the injury.

11. Davis was rehired by FWISD in 2014 as a full-time adult education teacher. As an employee of FWISD, Davis was subject to being placed on different work assignments in different parts of Fort Worth. In January 2018, Davis was assigned to work on a full-time basis as an adult education teacher in the Resource Connection, which was the name of a Texas Workforce Solutions site in

Fort Worth, Texas. Davis's disabilities were reasonably accommodated at Resource Connection.

12. Later in 2018, Davis was assigned by Defendants Breed, Hall, and Lewis to work on a full-time basis in the Firehouse 10 building. Davis informed them of her disabilities and that the uneven concrete floors of the Firehouse 10 building would make working there difficult due to the disabilities. However, her supervisors failed or refused to make reasonable accommodations and insisted that Davis start working in Firehouse 10.

13. After Davis sought the help of an attorney at the United Educators Association of Texas, Davis obtained several hearings, including one that was presided over by Defendant Hall and another by Defendant Breed. After the hearings, FWISD offered to place Davis in another classroom, which also did not reasonably accommodate Davis's disabilities.

14. Davis eventually was given the option to return to her previous assignment at Resource Connection. When she returned to Resource Connection, Davis was assigned the night shift before being demoted to a part-time position.

15. On information and belief, Davis's switch to the night schedule and demotion to the part-time position were in retaliation to her requests for reasonable accommodations for her disabilities or her complaints about Defendants' failure to provide reasonable accommodation for her disabilities.

16. In addition to failing or refusing to provide reasonable accommodation for Davis, Defendants Hall and Lewis also openly discussed Davis's disabilities and medical conditions so that other employees learned Davis's confidential medical information.

## COUNT ONE: FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008

17. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18. Defendants violated the ADAAA by failing to reasonably accommodate Plaintiff's disability. To prevail on a failure-to-accommodate claim under the ADAAA, plaintiff must prove that: (1) the plaintiff is a qualified individual with a

disability; (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Feist v. La., Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013); see 42 U.S.C. § 12112(b)(5)(A).

19. Plaintiff was a qualified individual because with reasonable accommodation she could have performed the essential functions of her position as an adult education teacher. Specifically, Davis performed the essential position of her position prior to being assigned to a building with uneven concrete floors.

20. Plaintiff informed Defendants Breed, Hall, and Lewis that she had disabilities and limitations that would prevent her from working on the floors located in Firehouse 10 or in very small rooms and that she would need accommodations.

21. Defendants failed to accommodate Plaintiff's disability for over 6 months.

22. As outlined above, Defendant discriminated against Davis because of her disability in violation of the ADAAA by failing to provide reasonable accommodation for her disability.

## COUNT TWO: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008

23. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

24. Defendants violated the ADAAA by retaliating against Plaintiff for requesting reasonable accommodation for her disabilities or for filing a complaint. To establish a *prima facie* ADA-retaliation claim, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. *Feist v. La. DOJ*, 730 F.3d 450, 454 (5th Cir. 2013).

25. Plaintiff engaged in a protected activity when she 1) requested reasonable accommodation for her disability when she was assigned to work in the Firehouse 10 building, and 2) filed a complaint when she was not provided with reasonable accommodation.

26. After months of failing or refusing to provide reasonable accommodation, Plaintiff was allowed to return to her previous assignment after Plaintiff filed a complaint and attended several hearings on the issue.

27. Immediately after she returned to her prior assignment, her schedule was changed to one that was known to be inconvenient to her. In addition, she was demoted to a part-time position 2 to 3 months later. On information and belief, Defendants took those action against Davis because she exercised her rights under the ADAAA. In addition to the timing of the actions, Davis asserts that the actions were due to her disability or her complaint because, on information and belief, Defendants Hall and Lewis were heard by other employees making fun of Davis's limitations.

28. As outlined above, Defendant retaliated against Davis in violation of the ADAAA because of her request for accommodation or her complaint.

## COUNT THREE: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008

29. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30. Defendants violated the ADAAA by discriminating against Plaintiff because of her disability. To establish a *prima facie* case of discrimination under the ADA, plaintiff must prove that she: 1) suffers from a disability; 2) was qualified for the job; 3) was subject to an adverse employment action; and 4) was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 399 (5th Cir. 2012).

31. Plaintiff suffers from physical injury to her knees, which limits her mobility. Plaintiff was a qualified individual because with reasonable accommodation she could have performed the essential functions her position as an adult education teacher.

32. Plaintiff was treated less favorably than her non-disabled employees when her supervisors subjected her to an unpleasant and hostile work environment by making fun of Davis's inability to work on uneven concrete surface.

33. As outlined above, Defendants discriminated against Davis because of her

disability in violation of the ADAAA.

### COUNT FOUR: FAILURE TO ACCOMMODATE IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

34. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35. Defendants violated Texas Labor Code Section 21.051 by failing to reasonably accommodate Plaintiff's disability. To prevail on a failure-to-accommodate claim under the Texas Labor Code, plaintiff must prove the elements required to be proven under the ADAAA. *See Tex. Dep't of Aging & Disability Servs. v. Comer*, No. 04-17-00224-CV (Tex. App. Jan. 24, 2018)

36. Plaintiff was a qualified individual because with reasonable accommodation she could have performed the essential functions of her position as an adult education teacher. Specifically, Davis performed the essential position of her position prior to being assigned to a building with uneven concrete floors.

37. Plaintiff informed Defendants Breed, Hall, and Lewis that she had disabilities and limitations that would prevent her from working on the floors located in Firehouse 10 or very small rooms and that she would need accommodations.

38. Defendants failed to accommodate Plaintiff's disability for over 6 months.

39. As outlined above, Defendant discriminated against Davis because of her disability in violation of the Texas Labor Code by failing to provide reasonable accommodation for her disability.

### COUNT FIVE: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008

40. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41. Defendants violated Texas Labor Code Section 21.055 by retaliating against Plaintiff for requesting reasonable accommodation for her disabilities and for filing a complaint. To establish a claim under Texas Labor Code Section 21.055, plaintiff must show that she was retaliated or discriminated against because of her protected activity, including participating in a hearing.

42. Plaintiff engaged in a protected activity when she requested reasonable accommodation for her disability when she was assigned to work in the Firehouse

building and filed a complaint when her disability was not reasonably accommodated.

43. After months of failing or refusing to provide reasonable accommodation, Plaintiff was allowed to return to her previous assignment after a hearing on her discrimination claim. However, her schedule was immediately changed to one that was known to be inconvenient to her. In addition, she was demoted to a part-time position 2 to 3 months later. On information and belief, Defendants took those action against Davis because she exercised her rights under the Texas Labor Code. In addition to the timing of the actions, Davis asserts that the actions were due to her disability or her complaint because, on information and belief, Defendants Hall and Lewis were heard making fun of Davis's disabilities.

44. As outlined above, Defendant retaliated against Davis in violation of the Texas Labor Code because of her request for accommodation or her complaint.

## COUNT SIX: DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

45. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46. Defendants violated Texas Labor Code Section 21.051 by discriminating against Plaintiff because of her disability. To establish a *prima facie* case of discrimination under the Texas Labor Code, plaintiff must prove the elements required to be proven under the ADAAA. *See Tex. Dep't of Aging & Disability Servs. v. Comer*, No. 04-17-00224-CV (Tex. App. Jan. 24, 2018)

47. Plaintiff suffers from physical injury to her knee, which limits her mobility. Plaintiff was a qualified individual because with reasonable accommodation she could have performed the essential functions her position as an adult education teacher.

48. Plaintiff was treated less favorably than her non-disabled employees when her supervisors subjected her to an unpleasant and hostile work environment by making fun of Davis's inability to work on uneven concrete surface.

49. As outlined above, Defendant discriminated against Davis because of her disability in violation of the Texas Labor Code.

## VICARIOUS LIABILITY

50. FWISD is vicariously liable for the actions of its employees because the actions were taken in the course and scope of their employment.

## SECTION 1983 LIABILITY

51. Defendants Hall, Lewis, and Breed are liable under 42 U.S.C. § 1983 because they personally acted to deprive Plaintiff of statutorily protected right.

## DAMAGES

52. As a direct and proximate result of Defendants' conduct, Davis has sustained damages in the form of lost wages, front pay, future pecuniary losses, lost employment benefits, severe emotional distress, attorneys' fees and costs in pursuing this action, mental anguish, worry, severe grief, shame, humiliation, and damage to her personal and professional reputation for which Defendant is liable. Accordingly, Defendants are liable for the damages Davis has sustained as a result of Defendants' unlawful discrimination.

53. Defendant's discriminatory actions have caused Davis to file this action. Therefore, pursuant to the Americans with Disabilities Act and Texas Labor Code Chapter 21, Davis is entitled to recover her attorneys' fees, litigation expenses, and costs incurred in pursuing this action.

54. Additionally, because Defendant was aware of Davis's rights under federal law and Defendant acted with malice and reckless indifference of Davis's rights, punitive damages are appropriate to punish Defendant for their discriminatory actions and deter Defendant from violating these laws in the future. Finally, Davis is entitled to pre-judgment and post-judgment interest on all amounts described above, calculated at the prevailing rate.

## JURY DEMAND

55. Plaintiff hereby demands a jury trial.

## PRAYER

56. Plaintiff asks the Court to render judgment in her favor and award the following damages:

    a. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein;

    b. An award of back pay for lost wages suffered as a result of

Defendant's unlawful conduct;

c. General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

d. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

e. Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

f. Reasonable attorneys' fees, costs, and expenses of litigation;

g. Prejudgment interest at the highest rate allowed by law;

h. Declaratory relief to the effect that Defendant violated Davis statutory rights; and

i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Leroy Scott*
Leroy B. Scott, Ph.D.
Texas Bar No. 24083824

**SCOTT LAW, PLLC**
5718 Westheimer Road, Ste. 1000
Houston, TX 77057
Tel: (800) 491-0780
Fax: (713) 583-1158
Email: lscott@scottesq.com

Mai Mullen Milton
Texas Bar No. 24079011
**THE MILTON LAW FIRM**
2111 S. Collins Street, Suite 201
Arlington, TX 76010
Tel: (682) 235-0242
Fax: (682) 235-0265
AttorneyMMilton@MMiltonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on December 20, 2021, a true and correct copy of the foregoing pleading has been furnished electronically to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Leroy Scott
Leroy B. Scott

Meredith Prykryl Walker
mwalker@wabsa.com

Alexandra Mosser
amosser@wabsa.com

**WALSH GALLEGOS TREVIÑO**
**KYLE & ROBINSON P.C.**
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
ATTORNEYS FOR FORT WORTH
INDEPENDENT SCHOOL DISTRICT,
KENT SCRIBNER, SHERRY BREED,
MIA HALL, AND NYDIA LEWIS