IN THE UNTIED STATES DISTRICT COURT
FOR THE NORHTERN IDSTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIDGETT R. DAVIS<br>    Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-1193-P |
| FORT WORTH INDEPENDENT<br>SCHOOL DISTRICT, et. al.,<br>    Defendants. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT KENT SCRIBNER, SHERRY BREED, MIA HALL AND NYDIA LEWIS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pending before the Court is Kent Scribner, Sherry Breed, Mia Hall, and Nydia Lewis' Motion to Dismiss Plaintiff's First Amended Complaint [doc. 10], filed January 10, 2022. In their motion, Defendants request that the Court dismiss the above-styled and numbered cause pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim upon which relief can be granted. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2.) Having carefully considered the Defendants' motion, and noting that the Plaintiff wholly failed to respond, the Court recommends granting Defendant's motion for the reasons stated therein.[2]

---

[1] Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] In her First Amended Complaint, Plaintiff asserts claims under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") and the Texas Labor Code. (Plaintiff's First Amended Complaint ("Pl.'s First Am. Compl.") at 3-7; *see* 42 USCA § 12101 (2009); *see also* Tex. Lab. Code Ann. § 21.051. Plaintiff contends the Defendants, all employees of Fort Worth Independent School District ("FWISD") and acting under their official capacities, failed to accommodate her disability, and, because of her disability, both discriminated and retaliated against her. *Id.* As FWISD employees acting as individual supervisors, the individual Defendants are immune from

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 8, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

---

liability and entitled to dismissal of Plaintiff's ADAAA claims. *See Appleberry v. Fort Worth Ind. Sch. Dist.*, 2012 WL 5076038 at *4 (N.D. Tex. Oct. 17, 2012). The Defendants' immunity also extends to prevent them from state law claims against them in their individual capacities. *See* Tex. Lab. Code Ann. § 21.001, *et seq.*; *see also Erving v. Dallas Housing Authority*, 2018 WL 4409797 at *5 (N.D. Tex. Sept. 17, 2018) (holding that "supervisory personnel are not liable in their individual capacity for violations of Chapter 21 [of the Texas Business Code].")

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 22, 2022.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh