IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIDGETT R. DAVIS<br>Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-1193-P |
| FORT WORTH INDEPENDENT<br>SCHOOL DISTRICT, et al.,<br>Defendants. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT FORT WORTH INDEPENDENT SCHOOL DISTRICT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Pending before the Court is Defendant Fort Worth Independent School District ("FWISD")'s Motion for Partial Dismissal of Plaintiff's First Amended Complaint and Brief in Support ("motion") [doc. 12], filed January 10, 2022.[1] The undersigned entered an order on February 28, 2022, converting the motion into a motion for summary judgment[2] and permitting the parties to file any additional briefing or evidence regarding the conversion. The parties did not file any additional briefing or evidence. The Court, having carefully considered the converted motion, the parties' submissions, and all relevant applicable law, recommends that FWISD's converted motion be **GRANTED** and that all claims against it be **DISMISSED**.

---

[1] The Court notes that FWISD's motion is styled as "partial" as to party because it was filed before the individual Defendants were dismissed from the suit. On March 9, 2022, United States District Judge Mark Pittman accepted the undersigned's Findings, Conclusions, and Recommendations, dismissing Davis' claims against individual Defendants Sherry Breed, Mia Hall, and Nydia Lewis. Thus, FWISD's motion is no longer "partial," as it seeks to dispose of all pending claims against the final remaining party.

[2] Hereinafter, the Court will refer to Defendant's motion as the "converted motion" to accurately reflect its summary judgment nature.

## I.  BACKGROUND

Plaintiff Bridgett Davis ("Davis") filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") on April 7, 2019, citing discrimination based on race, retaliation, sex, and disability. (Defendant's Exhibit A ("Def.'s Ex. A") at 1.) On July 29, 2021, Davis filed a petition in a Texas state court against Defendants FWISD, Kent Scribner, Sherry Breed, Mia Hall and Nydia Lewis, alleging violations of the Americans with Disabilities Act ("ADA") and its amendments, Chapter 21 of the Texas Labor Code, and a request for, *inter alia*, punitive damages against all Defendants. FWISD and the individually named Defendants jointly and timely filed their Notice of Removal [doc. 1], removing the case to this Court. The case was then, on October 29, 2021, referred by United States District Judge Mark Pittman to United States Magistrate Judge Hal Ray for pre-trial management [doc. 2].[3] Judge Ray, on November 3, 2021, ordered Davis to file an amended pleading in compliance with Federal Rule of Civil Procedure Rule 8(a). Davis filed her First Amended Complaint with Jury Demand against FWISD and the individual Defendants on December 20, 2021 [doc. 8].[4]

In her First Amended Complaint, Davis alleges FWISD violated three provisions of the Americans with Disabilities Act ("ADA") and its amendments: (1) Failure to Accommodate, (2) Retaliation, and (3) Discrimination. (Plaintiff's First Amended Complaint ("Pl.'s First Am. Compl.") at 3-6.) Next, Davis alleges the same three violations by way of their state law

---

[3] The undersigned was subsequently assigned the case for pre-trial management on January 4, 2022.

[4] Kent Scribner was terminated from this suit on December 20, 2021

2

counterparts found in Chapter 21 of the Texas Business Code.[5] *Id.* at 6-7.[6] Lastly, Davis requests that FWISD be subject to punitive damages if found liable. *Id.* at 8.

Davis states she worked as a FWISD employee from 1991 until, "a few years after," she suffered debilitating injuries to her "knees, neck, back, and shoulder."[7] (Pl.'s First Am. Compl. at 2, ¶ 7.) Davis asserts she was re-hired in 2014 as a "full-time adult education teacher," and worked until 2018 at a FWISD location that "reasonably accommodated her disability." *Id.* at 2, ¶ 11; 3, ¶ 15. Davis was subsequently transferred to another FWISD location that "would make working [at that location] difficult due to [her] disabilities." *Id.* at 3, ¶ 12. She claims her supervisors "failed or refused to make reasonable accommodations" by insisting she work at a FWISD location with uneven concrete floors. *Id.* at 3, ¶ 15. Specifically, Davis maintains her individual supervisors knew working at that location would be "difficult [for Davis] due to [her] disabilities" and failed to accommodate her. *Id.* Davis also asserts that, after voicing her complaints and several hearings, her individual supervisors retaliated against her by moving her back to her original accommodating location and then quickly "demoting" her to a part-time position and assigning her to the night shift. *Id.* at ¶¶ 13-15. Davis claims her supervisors "openly discussed [her] disabilities and medical conditions" and maintains they discriminated against her because of her disabilities. *Id.* at ¶ 16.

---

[5] The Court notes Davis' "Count 5" is titled, seemingly in error, "Retaliation in Violation of the Americans with Disabilities Act Amendments Act of 2008," the same as her "Count 2." However, "Count 5" discusses retaliation under chapter 21 of the Texas Business Code. (Pl.'s Sec. Am. Compl. at 4, 6.)

[6] In her First Amended Complaint, Davis asserts "exhaustion of [requisite] administrative remedies" prior to commencing this suit. (Pl.'s First Am. Compl. at 2, ¶ 8.)

[7] Davis maintains she has "difficulty walking and standing, particularly on uneven concrete surfaces. In addition, [Davis] suffers from claustrophobia and has difficulty breathing and thinking while in small rooms." *Id.* at 2, ¶ 10.

In its converted motion, FWISD sets forth several bases for prevailing on Davis' claims.[8] First, FWISD states that the entirety of Davis' claims under chapter 21 of the Texas Labor Code fail because they were not timely filed.[9] (Defendant's Converted Motion ("Def.'s Convert. Mot.") at 3-4) (citing Tex. Lab. Code § 21.256.)) Next, FWISD asserts that Davis "failed to plead a plausible claim for disability discrimination under the Americans with Disabilities Act," as her First Amended Complaint failed to meet the ADA's requisite *prima facie* discrimination elements.[10] *Id.* at 4. Relatedly, in its reply, FWISD argues that Davis "failed to exhaust administrative remedies as to any alleged demotion."[11] (Defendant's Reply Brief ("Def.'s Reply Br.") at 4.) Lastly, FWISD argues that, as a matter of law, it is not subject to Davis' request for punitive damages because FWISD is a protected political subdivision under the ADA. *Id.* at 7.

## II.  LEGAL STANDARD

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether

---

[8] Notably, FWISD wholly fails in its converted motion to address Davis' ADA claim for failure to accommodate but only briefly mentions two prongs of the *prima-facie* retaliation analysis in its reply brief. (Defendant's Reply Brief ("Def.'s Reply") at 3-5). However, because FWISD's motion has been converted to a motion for summary judgment, *see supra*, the Court will analyze all of the evidence before it.

[9] FWISD contends Davis failed to exhaust administrative remedies prior to filing suit and further asserts that Davis failed to document her alleged demotion in her EEOC complaint as another basis for dismissal on the merits. *Id.* at 4. In the alternative, FWISD asserts that, if this Court does not find that Davis' claims arising under Chapter 21 of the Texas Labor Code claims are time barred, said claims are "also subject to dismissal for the same reasons that Plaintiff's disability discrimination under the ADA (Count 3 of the First Amended Complaint) is subject to dismissal." (Def.'s Part. Mot. to Dismiss at 5.)

[10] FWISD barely addresses Davis' chapter 21 Texas Business Code discrimination claim, stating, "[I]f the Court finds Plaintiff's claims under the Texas Labor Code are not time-barred, Fort Worth ISD requests the Court nevertheless dismiss Plaintiff's disability discrimination claim and hostile work environment claims under Chapter 21 of the Texas Labor Code." (Def.'s Br. at 5, n. 12.) As the Court noted, *supra*, because FWISD's motion has been converted to one of summary judgment, the Court will consider all claims in Plaintiff's First Amended Complaint, including those FWISD neglected to address.

[11] The Court notes that FWISD first mentioned Davis' failure to exhaust administrative remedies in its reply.

there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 1067, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, [afford] a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The party moving for summary judgment meets its burden by informing the courts of the basis of its motion and by identifying the portions of the record which reveal that there are no genuine material fact issues. *Celotex*, 477 U.S. at 323. A party demonstrates that no genuine issue of material fact exists through the pleadings, depositions, admissions, and affidavits. Fed. R. Civ. P. 56(c). If the movant meets its burden, the burden shifts to the nonmovant, who must direct the court's attention to evidence in the record sufficient to establish that there *is* a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24 (emphasis added). To do this, the nonmovant "must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must demonstrate that the evidence is sufficient to support a resolution of the factual issue in her favor.

*Anderson*, 477 U.S. at 249. The Court may not make credibility determinations when conflicting evidence is presented. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993). However, the nonmovant cannot survive a summary judgment motion by merely resting on the allegations contained in her pleadings. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 324.

## III. DISCUSSION

In the present case, the paramount issue before the Court is whether Davis' claims for failure to accommodate, and discrimination, and retaliation under both the ADA and chapter 21 of the Texas Labor Code are time-barred. Generally, the ADA prohibits discrimination in employment against qualified persons with a disability and chapter 21 of the Texas Labor Code is its state-law equivalent.[12] *See generally* 42 U.S.C. § 12112(a); *see also* Tex. Lab. Code § 21.05. Because the ADA incorporates the procedures applicable to Title VII, a plaintiff can establish a claim of discrimination under the ADA through either direct or circumstantial evidence. *See Dao v. Auchan Hypermarket*, 96, F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 12117(a)); *see also Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). First, however, plaintiff alleging employment discrimination must timely file a charge with the EEOC or state agency *and* exhaust the administrative procedure that follows. 42 U.S.C. § 2000e-5(f)(1) (emphasis added). The charge with the EEOC or state agency must be filed within 180 days of the date of the alleged mistreatment.[13] *Id.* The Plaintiff will then receive a "right-to-sue letter" from the EEOC. 42

---

[12] "Courts analyze Title VII and parallel claims under the Texas Labor Code identically." *Cornett v. United Airlines, Inc.*, No. A-18-CV-698-LY, 2019 WL 453365, at *2 n.2 (W.D. Tex. Feb. 5, 2019). "Because [the Texas Commission on Human Rights Act] is intended to correlate with Title VII, the same analysis is applied for each claim." *Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x. 295, 297 (5th Cir.), *cert. denied*, 571 U.S. 880 (2013).

[13] Courts have consistently held that the "180-day filing requirement is in the nature of a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Cruce v. Brazosport Ind. Sch. Dist.*, 703 F.2d 862, 863 (1983) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385 (1982)). The Fifth Circuit has deemed the 180-day filing period a "precondition to filing suit in district court." *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 586-94 (1981)

6

U.S.C. § 2000e-5(f)(1); *see also Banks v. Rockwell Intern. N. Am. Aircraft Operations*, 855 F.2d 324, 325-6 (6th Cir 1988). From the date of the letter's receipt, the Plaintiff has, if desired, 90 days to file a civil action in district court. *Id.*; *see Nilsen v. City of Moss Pt., Miss.*, 621 F.2d 117, 120 (5th Cir. 1980).

In filing a civil action for employment discrimination, the plaintiff must demonstrate exhaustion of administrative remedies prior to filing suit. "When a statute requires the exhaustion of administrative remedies before a plaintiff may file suit, the plaintiff also bears the burden to show he has met the prerequisite to suit." *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352, S.W.3d 191, 200 (Tex. App.-Houston 2011, no pet.) ("Because [plaintiff] bears the burden of proof on this issue, it is appropriately the subject of . . . [a] motion for summary judgment."); *see also Permian Basin Cmty. Ctrs. For Mental Health & Mental Retardation v. Johns*, 951 S.W.2d 497, 502 (Tex.App.-El Paso, no writ) ("the burden was on plaintiff to demonstrate that he met the statutory prerequisites necessary to invoke the court's jurisdiction."); *see also Methodist Hosp's. of Dallas v. Tex. Workers' Comp. Com'n.*, 874 S.W.2d 144, 169 (Tex. App.-Austin 1994).

However, the exhaustion of the above requirements before filing in district court may not be necessary in certain situations. *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 413 (5th Cir. 1981). Unique solely to retaliation discrimination claims, the Fifth Circuit has found that "district court(s) have ancillary jurisdiction" over retaliation claims that develop *after* a Plaintiff has filed an EEOC or state agency claim.[14] *Gupta*, 654 F.2d at 414.

---

(delineating that a precondition, unlike a jurisdictional requirement, may be subject to "equitable modification" for failing to file within the time period for the Age Discrimination in Employment Act.)

[14] "We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII." *Id.*; *see also Nat'l Org. for Women v. Sperry Rand Corp.*, 457 F.Supp. 1338, 1344 (The purpose of an EEOC complaint is to provide proper notice and encourage parties to settle Title VII disputes without litigation).

Similar to its federal counterpart, the Texas Labor Code provides, "a civil action may not be brought under [the Texas Labor Code] later than the second anniversary of the date the complaint relating to the action is filed." Tex. Lab. Code § 21.256. However, the claim may survive the statute of limitations depending on the date that Plaintiff knew or reasonably should have known that the discriminatory act occurred. *See Jones v. Alcoa, Inc.* 339 F.3d 359, 364 (5th Cir. 2003) (citing *McWilliams v. Escambia Cnty. Sch. Bd.*, 658 F.2d 236, 330 (5th Cir. 1981)); *see also Del. State College v. Ricks*, 449 U.S. 250, 101 (1980) (holding that the statute of limitations for employment discrimination begins to run from the date of the unfavorable employment decision).

In the instant case, by filing her complaint with the EEOC and the TWC ("EEOC-TWC complaint") on April 7, 2019, Davis satisfied the administrative process requisite filing for a discrimination claim under the ADA.[15] (*See generally* Def.'s Ex. A.) The EEOC-TWC complaint cited discrimination based on race, sex, disability, and retaliation. *Id.* at 1. It lists the earliest and latest discriminatory acts as, respectively, August 3, 2018 and March 25, 2019, and checked the box characterizing FWISD's discrimination as a "continuing action." *Id.* at 1. These dates suggest the earliest Davis knew or should have known about alleged discriminatory acts is August 2018. Roughly 844 days after filing her EEOC-TWC complaint, on July 29, 2021, Davis filed the civil petition in Texas state court that was subsequently removed to this Court. *See* discussion, *supra*.

The record before the Court is unclear as to the exact dates of the alleged discrimination, though the pleadings are clear that the various types of alleged mistreatment happened in 2018 and

---

[15] The sole administrative remedial document before the Court is Davis' EEOC-TWC complaint. The complaint lists the charges "presented to" the EEOC and lists the Texas Workforce Commission Civil Rights Division as the state or local agency. (Def.'s Ex. A at 1.) For this reason, the Court will deem the EEOC-TWC complaint as one, simultaneously filed administrative claim.

2019. The Court will assume, noting that neither party has disputed otherwise, that Davis' EEOC-TWC complaint *was* timely filed within 180 days of the FWISD's alleged mistreatment. The Court is then left to examine what *is* before it and examine whether Davis pled her civil action (initially in state-court, as discussed, *supra*) within the requisite 90 days from receipt of the EEOC or TWC's right-to-sue letter. Again, neither Davis nor FWISD provided the Court any information whatsoever as to the date Davis received her right to sue letter. In this case, FWISD contends that Davis' claims should be dismissed because Davis failed to exhaust her available administrative remedies. Specifically, FWISD argues that Davis has failed to produce evidence that she filed this lawsuit within 90 days of receiving the right-to-sue letter from the EEOC, which is a nonjurisdictional, statutory precondition to filing suit.

As stated above, dismissal of a Title VII claim is proper when a plaintiff fails to establish that her complaint was filed within 90 days after receiving the EEOC right-to-sue letter or that some extenuating circumstance prevented her from timely filing her complaint with the Court. In this case, the only evidence before the Court is that Davis filed her EEOC-TWC complaint on April 7, 2019. There is *no* evidence, however, that Davis received a right-to-sue letter from the EEOC. Based on the absence of a right-to-sue letter, the Court finds that Defendant has met its initial burden of showing that there is no genuine issue of material fact that Davis failed to exhaust her administrative remedies as to her claims for discrimination based on race, sex, and disability.

Thus, the burden shifts to Davis to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact that she exhausted her available administrative remedies by filing this suit within 90 days of receiving a right-to-sue letter from the EEOC *or* that some extenuating circumstance prevented her from timely filing such complaint. Davis has wholly failed to meet such burden as she has provided no evidence demonstrating if or

9

when when she received her right-to-sue letter. Moreover, Davis has failed to provide any evidence setting forth a valid reason for tolling or waiving such precondition to filing suit. Consequently, the Court finds that Davis has not satisfied the conditions precedent to filing a Title VII action. *See, e.g., King/Morocco v. Park Place Lexus Plano*, No. 4:18-CV-780-ALM-CAN, 2019 WL 4282801, at *4 (E.D. Tex. Aug. 6, 2019); *Navy v. George*, No. 3:07-CV-368-K (BH), 2008 WL 696381, at *4 (N.D. Tex. Mar. 12, 2008) ("Because Plaintiff presented no evidence of an EEOC charge or a right-to-sue letter, the Court finds that Plaintiff has not met her summary judgment burden to show that she satisfied the conditions precedent to filing a Title VII action."). As no genuine issue of material fact remains that Davis failed to exhaust her administrative remedies, the Court concludes and recommends that FWISD's motion for summary judgment as to Davis' claims for discrimination based on race, sex, and disability be **GRANTED**.

Regarding Davis' retaliation claim, she checked the "retaliation" box on the face of her EEOC-TWC complaint and pled in both her EEOC-TWC complaint and civil action that FWISD retaliated against her for requesting accommodations for her disability after her hearing. (Def.'s Ex. A. at 1; Pl.'s First Am. Compl. at 4-5.) She did not plead, however, that the retaliation stemmed from her filing the EEOC-TWC complaint and, thus, she is not afforded the *Gupta* exception that excuses delayed filing specifically for ADA retaliation claims. Therefore, regarding Davis' retaliation claim, as no genuine issue of material fact remains that she failed to exhaust her administrative remedies, the Court concludes and recommends that summary judgment should be **GRANTED** in favor of FWISD as to Davis' claims for discrimination based on retaliation.

Additionally, the evidence before the Court suggests that the earliest listed date of FWISD's alleged discrimination is August 3, 2018, when Davis' FWISD supervisors moved her to the Firehouse 10 facility that allegedly contained uneven floors and "would not accommodate

[her] disability." (Def.'s Ex. A at 1.) On this date, Davis knew or should have known about the alleged discrimination against her. If Davis knew she was discriminated against at *any* date in 2018, as the provided evidence suggests it did, Davis is also not afforded the Texas Labor Code's statute of limitation exception. The Court, thus, finds and concludes that there is no genuine issue of material fact surrounding the timing of Davis' filing her Texas Labor Code claims and that summary judgment should be **GRANTED** in favor of FWISD.

Based on the foregoing, the Court finds no genuine issue exists as to any material facts surrounding the timing of Davis' administrative complaint and her civil action.[16] Accordingly, the Court recommends FWISD's motion for summary judgment on all claims be **GRANTED** and Davis' First Amended Complaint, in its entirety, be **DISMISSED**.

## IV.   CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint [doc. 12] be **GRANTED** and the above-styled and numbered cause be **DISMISSED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[16] The Court notes that, but-for Davis' failure to timely file her civil action, her claims for retaliation under the ADA would survive Defendant's motion for summary judgment, as Davis successfully pled a *prima-facie* discrimination case under *McDonnell-Douglas Corp. v. Green* and FWISD wholly failed to provide any non-discriminatory reason for the alleged misconduct. 411 U.S. 792, 793 (1973).

conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 21, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 7, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh