UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRIDGETT R. DAVIS,**

   Plaintiff.

v.                                          No. 4:21-cv-1193-P

**FORT WORTH INDEPENDENT SCHOOL DISTRICT, ET AL.,**

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On January 10, 2022, Defendant Fort Worth Independent School District ("Fort Worth ISD") filed a Partial Motion to Dismiss ("Motion"). ECF No. 12. Plaintiff Bridgett R. Davis filed a response. The Court referred the Motion to Magistrate Judge Jeffrey L. Cureton for determination and Findings, Conclusions, and a Recommendation ("FCR"). Magistrate Judge Cureton then issued an order converting the Motion into a Motion for Summary Judgment. On April 7, Magistrate Judge Cureton issued a FCR that recommended the Court grant the Motion and dismiss Davis's claims. Davis objected to the FCR. For the reasons set out below, the Court concludes that it should **ADOPT in part** the reasoning in the Magistrate Judge's FCR and **GRANT in part** Fort Worth ISD's Motion.

### FACTUAL & PROCEDURAL BACKGROUND

This case arises from Davis's employment with Fort Worth ISD. Davis was an employee for Fort Worth ISD from 1991 until she suffered debilitating injuries to her knees, neck, back, and shoulder. In 2014, she was re-hired and worked at a location that reasonably accommodated her disability. In 2018, however, she was transferred to a location that made work difficult due to her disabilities and her supervisors refused

to make reasonable accommodations. Eventually, Davis was transferred back to her original location, but she then was demoted to a part-time position and assigned to the night shift.

Davis sued Fort Worth ISD for violations of the Americans with Disabilities Act ("ADA") and Section 21 of the Texas Labor Code—the state-law equivalent of the ADA. Specifically, she alleged that Fort Worth ISD failed to accommodate her, retaliated against her for requesting an accommodation, and discriminated against her because of her disability. Fort Worth ISD moved to dismiss.

Fort Worth ISD's Motion to Dismiss argued that Davis failed to timely file her Section 21 claims and that she failed to plead a plausible claim for disability discrimination under the ADA. In support of its Motion, Fort Worth ISD attached a copy of Davis's Charge of Discrimination. Davis filed a response. Because Fort Worth ISD's Motion in part turned on matters outside of the pleadings, Magistrate Judge Cureton converted the Motion to Dismiss into a Motion for Summary Judgment. In that Order, Davis was given seven days to file additional briefing to "demonstrate[] why summary judgment should not be granted in this case." Davis did not file a supplemental response and, over a month later, Magistrate Judge Cureton issued his FCR, recommending in it that all of Davis's claims be dismissed.

Davis timely filed objections to the FCR. She objected on two grounds. ECF No. 25. *First*, she objected to the dismissal of her claims for retaliation and failure to accommodate under the ADA because Fort Worth ISD's Motion did not identify these claims. Therefore, she argues it was improper to dismiss these claims. *Second*, she objected to the dismissal of her ADA discrimination claim on "grounds not stated in Defendant's motion, including those raise for the first time in Defendant's Reply" without receiving prior notice from the Court. Fort Worth ISD timely filed a response, and Davis filed a reply. Thus, Magistrate Judge Cureton's FCR and Fort Worth ISD's Motion are both ripe.

## LEGAL STANDARDS

### A. Review of a Magistrate Judge's Recommendations

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72. However, if all or a portion of the Magistrate Judge's disposition is not objected to, or it governs a non-dispositive matter, then the FCR is reviewed for clear error. *Id.*

### B. Standard for Summary Judgment Motion

Summary judgment is proper if the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248. The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. The Court must consider all evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### A. The Magistrate Judge's dismissal of Davis's Section 21 claims was not clearly erroneous.

Because Davis did not object to the dismissal of her claims under Texas employment law, the Court reviews the FCR for clear error. Upon review of the record and the FCR, the Court finds none.

Therefore, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR regarding these claims and **DISMISSES with prejudice** Counts Four, Five, and Six of her complaint.

B. **Dismissal of Davis's ADA claims is not appropriate.**

The FCR concluded that Davis failed to timely exhaust her administrative remedies due to the complete "absence of a right-to-sue letter." It reasoned that without this letter, there was no "genuine issue of material fact that she exhausted her available administrative remedies by filing this suit within 90 days of receiving her right-to-sue letter." Therefore, her ADA claims should be dismissed.

Setting aside the issue of whether it was procedurally appropriate to dismiss Davis's ADA claims that were not specifically identified in Fort Worth ISD's Motion, the Court must review *de novo* whether it was substantively proper to grant summary judgment in favor of Fort Worth ISD on these claims. The FCR recommended dismissal of Davis's ADA claims because she failed to provide evidence that she filed suit within 90 days of receipt of her right-to-sue letter.

However, in her reply in support of her objections to the FCR,[1] Davis included as an exhibit a copy of her right-to-sue letter. ECF No. 27-3. This letter was issued on April 29, 2021. *Id.* She filed this suit on July 29, 2021. ECF No. 1. Davis does not allege when she received the letter and in the absence of a specific receipt date, the Court may apply a presumption of receipt. *See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Federal Rule of Civil Procedure 6(e) sets and the Fifth Circuit acknowledges a presumption of receipt of a letter three

---

[1] As Davis herself argues as part of her objections to the FCR, generally, evidence and arguments first raised in a reply brief should not be considered. ECF No. 25 at 3; *see Johnson v. SBC Advanced Sols., Inc.*, 2004 WL 01151650, at *6 (N.D. Tex. May 21, 2004) (Lindsay, J.); *but see Spring Indus., Inc. v. Am. Motorists Inc.*, 137 F.R.D. 238, 240 (N. D. Tex. July 10, 1991) (Fitzwater, J.). Here, in the interest of justice, the Court will consider evidence and argument presented for the first time in Davis's reply.

days after the letter was mailed. *See id.*; FED. R. CIV. P. 6(e). Applying this presumption of receipt, the Court concludes that Davis timely filed her suit upon receipt of her right-to-sue letter. Further, the Magistrate Judge specifically noted that Davis's ADA retaliation claim would have survived Fort Worth ISD's motion for summary judgment but for the failure to timely file suit. ECF No. 24 at 11 n.16.

Accordingly, the Court concludes that Fort Worth ISD's Motion should be **DENIED in part.** Therefore, the Court **DECLINES** to adopt the reasoning in the Magistrate Judge's FCR regarding Davis's ADA claims.

## CONCLUSION

For the reasons set out above, the Court **GRANTS in part** and **DENIES in part** Fort Worth ISD's Motion for Summary Judgment. Davis's claims against Fort Worth ISD under Texas Labor Code Section 21 are hereby **DISMISSED with prejudice**. The remainder of Fort Worth ISD's Motion is hereby **DENIED**. The Court **REFERS** the instant action to United States Magistrate Judge Jeffrey Cureton for pre-trial management.

**SO ORDERED** on this **18th day of May, 2022**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE